[Civ. No. 8275.   Third Dist.   Apr. 17, 1953.]

FRANK HARRISON HOLT, Petitioner, v. INDUSTRIAL
ACCIDENT COMMISSION and DESSEL THERKEL-
SEN et al., Respondents.

Leonard, Hanna & Brophy and Leon E. Warmke for Peti-
tioner.

T. Groezinger and Joseph Michael for Respondents.

SCHOTTKY, J.—Petitioner filed a petition in this court
seeking to review a decision of the Industrial Accident Com-
mission after reconsideration granted.

The petition alleged that Frank Holt, petitioner, is an in-
dividual doing business as J. D. O'Brien Crane and Rigging
Service, and that on July 6, 1950, at Modesto, California,
John Therkelsen, while employed as an oiler on a crane owned
by petitioner, sustained injuries occurring in the course of and
arising out of his employment which proximately caused his
death.   The petition alleged further that following hearings
the Industrial Accident Commission granted the respondent

widow and minor children of Therkelsen the additional sum of $3,000 against petitioner, based on the alleged serious and wilful misconduct of the petitioner. The allegations upon which the findings and award of the commission were predicated were as follows:

"That applicant further alleges that the death of her husband was due to the wilful and serious misconduct of the employer and fellow employee and bases such allegation on the following facts:

"(a) The fellow employee was operating a crane in violation of Safety Order No. 2603 of the California Industrial Accident Commission.

"(b) The fellow employee was advised prior to the moving of the crane to the position in which the accident occurred, that high voltage wires were overhead.

"(c) During the operation of the crane the fellow employee was continually warned to be careful of the high voltage wires and on various occasions was warned that the 'boom' of his equipment was 'getting close' to the wires.

"The applicant further alleges, in addition to the specific violation of the above noted safety order, that the death of the applicant's husband was due to the serious and wilful misconduct of the employer or his managing representative."

The facts, as developed at the hearings before the Industrial Accident Commission are not in dispute and are substantially as follows:

Spears Construction Company, general constructors, in the course of constructing a sewer farm at Modesto, California, in Stanislaus County, required a particular type of equipment that they did not have readily available to them.

The petitioner, Frank Harrison Holt, as owner and operator of the J. D. O'Brien Crane and Rigging Service, was contacted by the Spears Construction Company representative, Mr. Stitt. As a result of such contact, a truck-crane was rented from petitioner by the Spears Construction Company, equipped with an oiler and a crane operator. The crane went to the location on July 6, 1950, the day of the accident. When the crane arrived at the location where the construction was being carried on, a three corner discussion took place between James Stitt, superintendent for Spears Construction Company, the deceased John Therkelsen, and the crane operator. The purpose of the discussion was to outline where the crane would operate from, in order to avoid the necessity of swinging heavy loads of concrete over the heads of the workmen

who would be on the roof of the vacuator then under construction. In the course of this conversation, Stitt advised both the crane operator and the deceased to avoid the electric lines suspended on the nearby poles that bordered in close proximity to one side of the vacuator. Stitt was unaware of the actual voltage, if any, carried in the lines, but assumed that the lines carried at least 440 volts as pumps requiring such voltage were being operated nearby.

In his petition for a writ of review petitioner contended that:

"I. The record is insufficient to support a findings and award of serious and wilful misconduct on the part of your petitioner."

"II. There is no evidence to show that the employer or his managing representative had any knowledge of the existence of the potential hazard on July 6, 1950."

Respondent Industrial Accident Commission filed an answer admitting the material facts as related by petitioner and conceded that the record does not sustain the finding of serious and wilful misconduct, and agreeing that the writ of review should be granted and that the Industrial Accident Commission's decision after reconsideration granted be annulled. Said answer states further that "Respondent Commission therefore, and at this time, agrees that the Petition for Writ of Review be granted by this court; that the Industrial Accident Commission's Decision after Reconsideration Granted be annulled and that the case be remanded to the Commission for further proceedings in accordance with law, pursuant to Labor Code, Section 5953."

We issued a writ of review and set the matter for hearing. Upon the oral argument it was agreed by all parties that the finding of serious and wilful misconduct is not supported by the record, and our examination of the record leads us to the same conclusion. However, petitioner contended that the award should be annulled with directions to respondent commission to render a decision in favor of petitioner. In answer to this contention respondent argued that under section 5953 of the Labor Code an appellate court may either affirm or annul an order, decision or award of the commission, or may remand the case for further proceedings before the commission. Respondent argued further that even if the court annuls an award it is still subject to the continuing jurisdiction of the commission and that it is within the power of the commission to make a similar decision to that annulled

after further proceedings have been had, so long as the commission remains within the "rule of the case." Petitioner then stated that he was apprehensive that the remanding of the case for further proceedings will only afford the commission the opportunity of repairing 'their record in some manner so as to ostensibly produce the same result, to wit: misconduct of the employer.

In view of the fact that the record admittedly does not sustain the finding of wilful misconduct the award must be annulled. However, we do not feel that we should by our order annulling the award seek to preclude the taking of any further proceedings in the matter insofar as such proceedings may be proper under the provisions of the Labor Code. ▬ We must assume that in any further proceedings the respondent commission will not do otherwise than act in accordance with the purpose, intent and language of the applicable statutes as construed by our appellate courts.

The award is annulled and the cause remanded for further proceedings.

Van Dyke, P. J., and Peek, J., concurred.